HAROLD HAUGAARD, PLAINTIFF-RESPONDENT, v. O. HENRY GROIS, DEFENDANT-APPELLANT.

EDGAR MALIN, BY HIS NEXT FRIEND, FRIEDA MALIN, 'AND FRIEDA MALIN, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. O. HENRY GROIS, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided April 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiffs-respondents, *Green & Green* (*Herbert J. Kenarik,* of counsel).

For the defendant-appellant, *Blanchard & Carey* (*Robert Carey, Jr.,* of counsel).

PER CURIAM.

These cases grow out of an automobile collision between an automobile owned and operated by Harold Haugaard in which Edgar Malin was a passenger and an automobile owned and operated by the defendant Grois. The cases were tried together before the judge, sitting without a jury, and resulted in verdicts for the two named plaintiffs. Defendant appeals, and the appeals are considered together.

Appellant's first point is that "the testimony before the District Court left only one conclusion, viz., that the

plaintiff-appellee, Harold Haugaard, was guilty of contributory negligence." There was testimony from which it could be found that Haugaard, in driving his automobile along Beardsley avenue approaching the intersection with Sixteenth street, made an observation to his left at a distance of ten feet from the intersection and made a second observation to his left before entering upon the intersection and saw no car approaching; that he proceeded and had traveled three-quarters of the way across the intersection when his attention was drawn to defendant's car, coming from Haugaard's left, by the screeching of the brakes thereof; that Haugaard thereupon braked his car to a standstill and while stationary was struck by the defendant's car, and that the latter car dragged the Haugaard car for a distance and, proceeding onward, mounted the sidewalk and hit a telegraph pole on Sixteenth street about seven feet from Beardsley avenue. We are unable to say that these facts demonstrate contributory negligence on the part of Haugaard as a matter of law. The question was factual and was decided, as it might lawfully be, against the defendant.

Appellant's second and remaining point is that "the negligence of the plaintiff, Harold Haugaard, should have been imputed to the plaintiff Edgar Malin and so barred the suit brought by Edgar ·Malin by his next friend, Frieda Malin, and Frieda Malin individually." On the Malin case also the question of contributory negligence by Haugaard was factual and Malin cannot be charged with contributory negligence by Haugaard inasmuch as Haugaard was found not to be guilty thereof.

The judgment below will be affirmed.